IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK DAVENPORT, #N-80706, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 16-cv-00495-NJR |
| DONALD D. GAETZ, C/O VERCELLINO, JEFFREY J. HOCH, MARCUS A. MYERS, and C/O WANGLER, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Mark Davenport, a prisoner who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for violations of his First and Fourteenth Amendment rights at Pinckneyville in 2013. In the complaint, Plaintiff claims that two correctional officers, C/O Vercellino and C/O Wangler, conspired to retaliate against him for assisting another inmate in preparing a grievance. (Doc. 1, pp. 1-11). They searched Plaintiff's cell, confiscated his personal property, and issued him a false disciplinary ticket for possession of contraband. Following an allegedly unfair disciplinary hearing, Plaintiff was found guilty of the rule violation and punished with a loss of commissary privileges. The ticket was later expunged. (*Id*. at 14-15). In connection with these events, Plaintiff now sues the following defendants:  Donald Gaetz (warden), C/O Vercellino (correctional officer), C/O Wangler (correctional officer), Jeffrey Hoch

(hearing committee chairperson), and Marcus Myers (hearing committee member). He seeks declaratory judgment, injunctive relief, and monetary damages. (*Id*. at 12).

The complaint is subject to review pursuant to 28 U.S.C. § 1915A(a). Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. The complaint survives preliminary review under Section 1915A.

## The Complaint

On or around August 4, 2013, Plaintiff assisted another inmate in preparing a grievance. (Doc. 1, p. 3). The inmate was serving time in segregation following an assault on C/O Vercellino. As punishment, he was given no bedding and forced to sleep on a "concrete slab" in his cell. The inmate was unable to prepare an emergency grievance to complain about these conditions, so Plaintiff assisted him. (*Id*.).

Plaintiff's actions angered C/O Vercellino. On August 6, 2013, the correctional officer removed Plaintiff from his cell in cuffs and, as he passed C/O Wangler, stated, "This is the one who likes to write grievances." (*Id*. at 3-5). C/O Vercellino then added, "I left his cell open so you can shake that bitch down." (*Id*. at 4). Plaintiff was locked in the shower while his cell was searched for contraband.

C/O Wangler and C/O Vercellino confiscated the following items from Plaintiff's cell: Plaintiff's Self-Help Litigation Manual (Prisoners' – 4th Edition), dictionary, writing paper, seg pens, 9 x 12 legal envelopes, pre-stamped envelopes, and legal papers related to Plaintiff's criminal case. (*Id*. at 4-5). Plaintiff maintains that all of this property is allowed in segregation,

and the two correctional officers confiscated it without legal justification. (*Id*.). The same day, C/O Vercellino issued Plaintiff a false disciplinary ticket for possession of contraband. (*Id*. at 3).

Plaintiff borrowed a pen from another inmate and wrote a letter to the library paralegal to complain about the retaliatory actions taken against him. (*Id*. at 6). Plaintiff's letter soon made its way to an internal affairs officer, who ordered the return of his property on August 8th or 9th, 2013. (*Id*. at 7). Plaintiff received all of his property.

On August 13, 2013, Plaintiff attended a disciplinary hearing before Chairperson Hock and Officer Myers. (*Id*. at 8). The adjustment committee allegedly ignored his request to call a witness at the hearing, and he was found guilty of possessing contraband. (*Id*.). As punishment for the rule violation, Plaintiff received one month of commissary restriction. (*Id*. at 15).

Plaintiff appealed the decision. (*Id*. at 9). Warden Gaetz denied the appeal without investigating Plaintiff's complaint of a due process violation. After reviewing the matter, the Administrative Review Board ("ARB") concluded that Plaintiff was, in fact, denied due process at his prison disciplinary hearing on August 13, 2013. (*Id*. at 14). His ticket was expunged nine months later on May 13, 2014. (*Id*. at 14-15).

Plaintiff now claims that C/O Vercellino and C/O Wangler conspired to retaliate against him for serving as a jailhouse lawyer by confiscating his legal materials and issuing him a false disciplinary ticket, in violation of the First Amendment. He claims that Chairperson Hock, Officer Myers, and Warden Gaetz denied him due process protections in conjunction with the disciplinary ticket, hearing, and punishment, in violation of his right to due process and equal protection of the law under the Fourteenth Amendment. Plaintiff seeks declaratory judgment, monetary damages, and a "temporary injunction" prohibiting all retaliation against him during the pending action. (*Id*. at 12).

**Merits Review Under 28 U.S.C. § 1915A**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to reorganize the claims in Plaintiff's *pro se* complaint into the following enumerated counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** C/O Vercellino and C/O Wangler conspired to retaliate against Plaintiff in violation of the First Amendment, when they searched his cell, confiscated his property, and issued him a false disciplinary ticket because he assisted another inmate in preparing a grievance on or around August 4, 2013.
>
> **Count 2:** Chairperson Hoch, Officer Myers, and Warden Gaetz deprived Plaintiff of a protected liberty or property interest without due process of law in violation of the Fourteenth Amendment, when they punished him with commissary restriction on August 13, 2013.
>
> **Count 3:** Defendants violated Plaintiff's right to equal protection of the law in violation of the Fourteenth Amendment.

As discussed in more detail below, **Count 1** shall receive further review against C/O Vercellino and C/O Wangler, and this claim shall be dismissed with prejudice against the remaining defendants. **Counts 2** and **3** shall also be dismissed with prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

**Discussion**

**Count 1**

The complaint articulates a viable First Amendment retaliation claim against C/O Vercellino and C/O Wangler. To state a claim, the allegations must at least suggest that (1) Plaintiff engaged in protected First Amendment activity, (2) he suffered a deprivation that

would likely deter future First Amendment activity, and (3) the protected activity caused the deprivation. *Harris v. Walls*, 604 F. App'x 518, 521 (7th Cir. 2015) (citing *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). For screening purposes only, the Court finds that all three elements of this claim are satisfied.

As for the first element, the allegations suggest that Plaintiff engaged in activity that is protected by the First Amendment when he prepared a grievance on behalf of another inmate. A prisoner has a right under the First Amendment "to file his own truthful grievances and federal lawsuits." *Id*. (citing *Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005)). A prisoner also has a right to assist another inmate, who is "otherwise unable to help himself, access the courts." *Id.* (citing *Johnson v. Avery*, 393 U.S. 483, 487 (1969) (invalidating prison regulations prohibiting habeas petitioners from getting assistance from jailhouse lawyer)). Although a jailhouse lawyer's speech on legal matters is not subject to unlimited protection, it is subject to the same protections "normally accorded prisoners' speech." *Id*. (citing *Shaw v. Murphy*, 532 U.S. 223, 231 (2001)). Consistent with this reasoning, Plaintiff's preparation of a legitimate grievance addressing the denial of adequate bedding on another inmate's behalf is subject to protection under the First Amendment. The first element of this claim is therefore satisfied.

With regard to the second element, the Court assumes, without deciding, that Plaintiff suffered a deprivation that would likely deter future First Amendment activity. His punishment with a cell shakedown, denial of access to his personal property, and punishment with a loss of commissary privileges is likely to deter Plaintiff from assisting prisoners, who are otherwise unable to help themselves, in accessing the courts. The second element of this claim is satisfied.

With respect to the third element, the allegations suggest that C/O Vercellino's and C/O Wangler's conduct was motivated by Plaintiff's speech. These defendants made the decision to search Plaintiff's cell, confiscate his property, and issue him a disciplinary ticket because he assisted another inmate in preparing a grievance. This is evidenced by the fact that C/O Vercellino instructed C/O Wangler to conduct a shakedown of Plaintiff's cell after identifying Plaintiff as "the one who likes to write grievances." (*Id*. at 3-5). The third element of this claim is also satisfied for screening purposes.

**Count 1** shall receive further review against C/O Vercellino and C/O Wangler. This includes Plaintiff's claim that the two defendants conspired to retaliate against him. Civil conspiracy claims are cognizable under § 1983. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002). "[I]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date . . . ." *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002). *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002). Because no one else is named in connection with this claim, Count 1 is considered dismissed with prejudice against all other defendants.

**Count 2**

The complaint supports no Fourteenth Amendment due process claim against the defendants. This claim arises from the issuance of an allegedly false disciplinary ticket and unfair disciplinary hearing that resulted in a one-month commissary restriction. Due process protections are not triggered under the Fourteenth Amendment, unless a protected liberty or property interest is at stake. The complaint identifies none.

Typically, such claims arise when a prisoner is punished with segregation following an unfair disciplinary hearing. Whether a protected liberty interest is implicated by Plaintiff's

confinement in segregation depends on whether that confinement "imposed an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Courts generally consider two factors in determining whether disciplinary segregation imposes atypical and significant hardships: "the combined import of the duration of the segregative confinement *and* the conditions endured." *Id.* at 743 (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98) (7th Cir. 2009) (emphasis in original)).

But Plaintiff's temporary loss of commissary privileges and personal property give rise to no protected liberty or property interest under the Fourteenth Amendment. *See, e.g.*, *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status or loss of commissary privileges). Put differently, due process protections are not even triggered, and Plaintiff's complaint that he was denied the ability to call a witness at his hearing supports no constitutional claim under the Fourteenth Amendment.

Likewise, a claim that Plaintiff's grievances were improperly delayed or denied gives rise to no due process claim under the Fourteenth Amendment. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). **Count 2** shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**Count 3**

The complaint also fails to articulate a viable Fourteenth Amendment equal protection claim against the defendants. To establish a prima facie case of discrimination under the equal protection clause, a plaintiff must show that he "is a member of a protected class," that he "is otherwise similarly situated to members of the unprotected class," and that he "was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (quoting *McNabola v. Chicago Transit Auth.*, 10 F.3d 501 (7th Cir. 1993) (citing *McMillian v. Svetanoff*, 878 F.2d 186, 189 (7th Cir. 1989)).

Plaintiff's complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, Plaintiff is required to "plead[ ] factual content that allows the court to draw the reasonable inference" that the defendants intentionally discriminated against a class of persons to which he belongs. *Id.* at 678. The complaint does not meet this burden.

Plaintiff simply alludes to an equal protection claim in his complaint. The pleading is devoid of factual allegations that support the claim, however, such as an allegation that Plaintiff was singled out for mistreatment based on his membership in some protected class or an allegation that Plaintiff was treated differently than someone who was otherwise similarly situated. In the absence of factual allegations supporting Plaintiff's equal protection claim, the Court must dismiss it. Accordingly, **Count 3** shall be dismissed with prejudice.

### Request for "Temporary Injunction"

In the complaint, Plaintiff requests a "temporary injunction" that prohibits all retaliation against him during the pending action. It is not clear whether Plaintiff seeks a temporary restraining order ("TRO"), pursuant to Federal Rule of Civil Procedure 65(b), or a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65(a). Either way, his request shall be denied.

A TRO is an order issued without notice to the party to be enjoined that may last no more than fourteen days. *See* FED. R. CIV. P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

A preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion. *See* FED. R. CIV. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

The Court has no idea why Plaintiff is seeking a "temporary injunction." He offers no reason for the request in the complaint or in a separate motion. All of the events giving rise to

this action occurred in 2013. Plaintiff alludes to no subsequent retaliatory conduct or threats of retaliation by prison officials. The complaint certainly does not suggest that Plaintiff will suffer irreparable harm without a TRO or preliminary injunction. This drastic form of relief is unwarranted at this time.

### Pending Motion

Plaintiff's motion for service of process at government expense (Doc. 5) is **GRANTED in part**, with respect to Defendants Vercellino and Wangler, and **DENIED in part**, with respect to Defendants Gaetz, Hoch, and Myers.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's request for a "temporary injunction" in the complaint is **DENIED** without prejudice.

**IT IS ORDERED** that **COUNTS 2** and **3** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **GAETZ, HOCH,** and **MYERS** are **DISMISSED** with prejudice from this action because the complaint fails to state a claim against them upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 1** is subject to further review against Defendants **VERCELLINO** and **WANGLER**. As to **COUNT 1,** the Clerk of Court shall prepare for Defendants **VERCELLINO** and **WANGLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the

date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 13, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**